■ In the Matter of the Claim of ELIZABETH NICOTERA, Appellant, v. DORN'S TRANSPORTATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by claimant from a decision of the Workmen's Compensation Board, filed March 30, 1966, denying claimant an award of death benefits on the ground that decedent did not sustain an accidental injury arising out of and in the course of employment. The decedent, 55 years old, was employed as manager of the trucking terminal of the employer. On June 17, 1964 he became involved in an argument with one Joseph Gambino, a truck driver, about the manner in which Gambino was doing his work and which argument lasted for some time. Shortly after the argument, decedent became ill in his office and was taken to the office of Dr. Meyers who examined him and found complaints of chest pain, difficulty in respiration, perspiration and irregular heart beat. Dr. Meyers called an ambulance but before it arrived the decedent died. The cause of death was a myocardiac infarction. The board determined that " the decedent's activities prior to his death did not involve greater strain or tension than that to which all workers are occasionally subjected." In those cases where accidental injury has been claimed by reason of emotional strain induced by arguments, it has been held that awards would not be sustained where the argument at issue, from the common sense viewpoint of the average man, " would be regarded as neither involving nor inducing emotional strain or tension greater than the countless difficulties and irritations to which all workers are occasionally subjected without untoward result." (Matter of Santacroce v. 40 W. 20th St., 9 A D 2d 985, affd. 10 N Y 2d 855; Matter of Cramer v. Barney's Clothing Store, 15 A D 2d 329, affd. 13 N Y 2d 711; Matter of Connors v. Secon Security, 24 A D 2d 674, mot. for lv. to app. den. 16 N Y 2d 486; Matter of Wilson v. Tippetts-Abbott-McCarthy-Stratton, 22 A D 2d 720.) It is for the board to determine as a factual issue whether or not a given incident constitutes an accident within the meaning of the Workmen's Compensation Law and, if supported by substantial evidence, its determination must be sustained. (Workmen's Compensation Law, § 23; Matter of Unterberg v. New York State Dept. of Labor, 19 A D 2d 668.) The present record supports the board's finding and should not be disturbed. (Matter of Halpern v. Murray Halpern Agency, 28 A D 2d 782, mot. for lv. to app. den. 21 N Y 2d 642.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr. J.