■ In the Matter of the Claim of SYLVIA STRAUSS, Appellant, v. MORNING FREIHEIT et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by claimant from a decision of the Workmen's Compensation Board, filed August 14, 1969, which determined that there was no causal relationship between decedent's death and his work activities. Decedent was employed as an Assistant Manager and an editorial writer of a newspaper known as "The Morning Freiheit" for a number of years prior to his death on July 13, 1967. He had sustained a myocardial infarction in 1962 followed by intermittent anginal pain. On the evening of July 12, 1967 he attended a combined board and staff meeting which commenced at about 6:00 P.M. concerning the policy of the newspaper in the aftermath of the Arab-Israeli War. There is evidence that the meeting was held in a hot and crowded room; that the decedent became highly emotional whenever the subject of Israel was discussed; that before 9:00 P.M. he commenced speaking, and as he spoke he became excited and after

speaking about five minutes, he suddenly collapsed. He was taken to a hospital where he died the next morning. The hospital records indicate that the cause of death was an acute myocardial infarct. There is conflicting medical evidence in the record as to causal relationship. A majority of the board determined that "decedent's work activities on the day in question, of participating in a staff meeting to establish policy and making a speech, neither involved nor induced emotional stress, strain or tension greater than countless differences and irritations to which all workers are occasionally subjected without untoward result, and that the myocardial infarction did not constitute an accidental injury arising out of and in the course of employment." Upon this record the board could properly find that decedent's tension involved no more than that to which all workers are occasionally subjected without untoward result. (*Matter of Weinstein* v. *Apex Dress Co.*, 25 N Y 2d 947; *Matter of Mulholland* v. *New York State Dept. of Public Works,* 34 A D 2d 1083; *Matter of McLoughlin* v. *New Rochelle Hosp.*, 34 A D 2d 1064; *Matter of Cramer* v. *Barney's Clothing Store,* 15 A D 2d 329, affd. 13 N Y 2d 711; *Matter of Santacroce* v. *40 W. 20th St.,* 9 A D 2d 985, affd. 10 N Y 2d 855.) The board's determination being supported by substantial evidence, it must be sustained. Decision affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane and Reynolds, JJ., concur; Greenblott, J., dissents and votes to reverse and remit for proper findings in the following memorandum: The recent Court of Appeals decisions in *Matter of McCormick* v. *Green Bus Lines* (29 N Y 2d 246) and *Matter of Schuren* v. *Wolfson* (30 N Y 2d 90) mandate reversal of the board's decision and remand of the case to the board for proper findings. The majority of the board found "that the decedent's work activities on the day in question, of participating in a staff meeting to establish policy and making a speech, neither involved nor induced emotional stress, strain or tension *greater than the countless differences and irritations to which all workers are occasionally subjected without untoward result"* (italics supplied). Prior to the decisions in *McCormick* and *Schuren* the rule was that, to be compensable, the stress or strain must have been greater than the average man's ordinary wear and tear of life (*Matter of Weinstein* v. *Apex Dress Co.,* 25 N Y 2d 947; *Matter of Burris* v. *Lewis,* 2 N Y 2d 323; *Matter of Nicotera* v. *Dorn's Transp.,* 30 A D 2d 735, mot. for lv. to app. den. 25 N Y 2d 738). In *Matter of McCormick* v. *Green Bus Lines* (*supra,* p. 248) the Court of Appeals stated "The rule as to what is strenuous work is not readily to be generalized to fit all men and all cases alike. All men suffer some adverse physical deterioration from the wear and tear of life; but one man with inadequate cardiac reserve who continues nevertheless in employment may find the performance of physical work too strenuous for him at a particular time and under particular conditions when the same work would not adversely affect other men under any conditions; or even that particular man at other times under the similar physical conditions. To a man thus impaired, if the actual work done is found to have precipitated the cardiac event which in turn causes disability or death, a sufficient factual relationship may be found between the strain of the work and the result to be deemed an accident within the scope of the Workmen's Compensation Law if such a conclusion be supported by medical proof." In the case at bar, there is sufficient medical evidence from which the board could find causal relationship in view of the decedent's previous history of coronary heart disease when considered together with the emotional distress to which he was subjected in the meeting at which he collapsed (see *Matter of Klimas* v. *Trans Caribbean Airways,* 10 N Y 2d 209; *Matter of Quill* v. *Transport Workers Union,* 35 A D 2d 860, mot. for lv. to app. den. 28 N Y 2d 482). Accordingly, the

decision of the board should be reversed and the matter remitted for proper findings (cf. *Matter of Ferry* v. *Jamestown Malleable Iron Div.*, 35 A D 2d 870; *Matter of Lawrence* v. *New York State Realty & Term. Co.*, 35 A D 2d 235).