■ In the Matter of the Claim of ANTHONY BURRIESCI, Appellant, v GRISTEDE BROTHERS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed March 10, 1977 and November 28, 1977, finding that claimant did not sustain an accident within the meaning of the Workers' Compensation Law, and that claimant's disability was related to the investigation of his possible misconduct and the commission of a purely personal act. Claimant, 62 years of age, was employed as a manager of a Gristede Brothers sandwich shop. On November 2, 1975, he was involved in an incident with a female cashier. She accused him of hugging, kissing and molesting her. The cashier reported the incident, and, later that day, claimant's superior undertook an investigation and interviewed claimant. Claimant denied he had done anything wrong, but did admit that he had hugged and kissed the girl. He was summarily suspended from work for two days after which he was reinstated. On November 24, 1975, claimant was questioned by Mr. Thompson, the industrial manager of the employer. On December 5, 1975, claimant was further questioned at length by Mr. Thompson and claimant's supervisor. Claimant was informed that the employer had called the police precinct and determined that a complaint had been filed against him, and that the union to which the cashier belonged was conducting its own investigation. He was also told that the family of the girl, one of whom was a police officer, had let it be known that his life was at stake, and that the family wanted him killed. Claimant states that he sustained a depressive mental reaction by reason of the accusation made by the management. Claimant consulted a Dr. Buffa, a psychiatrist, who hospitalized him on December 13, 1975. At the hospital, claimant was found to have an abdominal aortic aneurysm. Both Dr. Buffa and Dr. Arbuse, psychiatrists for the claimant and carrier, respectively, agreed that the precipitating cause of claimant's emotional illness was the series of events following the episode of November 2, 1975. The testimony of the employer with respect to claimant's duties was to the effect that his acts relative to the cashier were beyond the scope of his duties, and were not condoned by the employer. The record indicates that claimant, in fact, deviated from the scope of his duties and, in so doing, brought upon himself the accusations against him and punishment by the

employer. The board's finding that "claimant's disability was related to the investigation of his possible misconduct and the commission of a purely personal act, and was not caused by any work related activity" is supported by substantial evidence (*Matter of Millar v Town of Newburgh*, 43 AD2d 641; *Matter of Strauss v Morning Freiheit*, 39 AD2d 786, affd 35 NY2d 780; *Matter of Nicotera v Dorn's Transp.*, 30 AD2d 735; 1B Larson, Workers' Compensation Law, § 38.65). Decisions affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.