■ In the Matter of the Claim of WILLIAM BLAINE, JR., Respondent, v. BIG FOUR INDUSTRIES, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the alleged employer and its carrier from a decision and award of the Workmen's Compensation Board. The alleged employer, uninsured in New York for workmen's compensation liability, is engaged in the manufacture and sale of automotive products with its principal place of business located in Cincinnati, Ohio. The record reveals that Thomas and Irving Adams who were " district managers " for the employer in the New York-Pennsylvania area and who had authority from the employer to employ and supervise salesmen or representatives in the area engaged claimant on August 30, 1958 to sell the employer's line of products exclusively. Subsequently claimant was furnished a truck, which although registered in Thomas Adams' name was owned by the employer and bore its name and a description of its products, and underwent a short training program under Thomas Adams' supervision. Claimant testified that on October 8, 1958, while driving down a hill, the brakes failed and he was compelled to drive the truck into a bank to avoid striking a car proceeding down the hill ahead of him, and that as a result of striking the bank he was injured. Claimant testified that after striking the bank he was able to negotiate the truck in low gear to a garage at least four miles from the scene of the accident. The purported accident was unwitnessed. While claimant's artificial right leg was broken and his left leg required an operation which necessitated hospitalization for over a month, damage to the truck was slight. The record does reveal, however, that the brake bands were defective and worn out and that the employer paid for the repairs. On the basis of this record the Referee denied the claim on the ground that no employer-employee relationship was present and that there was insufficient proof of an accident. The board's reversal of this determination is the subject of the appeal. Appellants first urge that the board, because it did not have an opportunity to view the witnesses personally, could not pass upon claimant's credibility and thus could not reverse the Referee. Such is clearly not the case. The question of credibility is strictly within the province of the board (*Matter of Manolakis* v. *Edison S. S. Corp.,* 15 A D 2d 845), and the board is not bound by the Referee's determination thereon (*Matter of Van De Walker* v. *Syracuse Bowling Center,* 16 A D 2d 728; *Matter of Manolakis* v. *Edison S. S. Corp., supra; Matter of Musto* v. *Sanzone,* 5 A D 2d 1026). As to the contention that the record does not contain substantial evidence to support the board's finding of an accident, it is sufficient to point out that claimant's testimony, despite certain inconsistencies, is not so incredible to require its exclusion as a matter of law (*Matter of Baum* v. *B. & B. Auto Works,* 15 A D 2d 616; *Matter of Deutsch* v. *Garey,* 12 A D 2d 830). His testimony, if believed by the board, together with the nature of subsequent repairs required to the truck and his injuries constituted substantial evidence upon which the board could reach the decision rendered. There is conflicting evidence concerning the existence of an employer-employee relationshp, but there is enough in the record under the decisions to warrant the board's determination in favor of claimant. The determination was a factual one and the board's decision must prevail (Workmen's Compensation Law,

§ 20; *Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652; *Matter of Grigoli* v. *Nito*, 11 A D 2d 581). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.