■ In the Matter of the Claim of RUTH H. MILLAR, Respondent, v. TOWN OF NEWBURGH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding the claimant death benefits. The board in this case has found that the decedent had sustained an accidental injury in the nature of an acute myocardial infarction on April 10, 1968 due to an emotional strain, and that his death on April 13, 1968 was causally related to his accidental injury. We fully recognize that in light of the Court of Appeals decisions in *Matter of Snyder* v. *New York State Comm. for Human Rights* (31 N Y 2d 284); *Matter of Schuren* v. *Wolfson* (30 N Y 2d 90) and *Matter of McCormick* v. *Green Bus Lines* (29 N Y 2d 246) the test in cases such as the instant one is whether employment is shown to have produced a strain on the individual and there is sufficient medical proof to establish causal relationship between the strain and cardiac event (e.g., *Matter of McKane* v. *Edson Structures,* 43 A D 2d 663; *Matter of Tilney* v. *Harrison & Abramowitz,* 42 A D 2d 1049). Nevertheless, we cannot accept that compensation benefits should be awarded in the instant case. Briefly stated decedent became "emotionally upset" when his employer decided to divide his supervisory duties into two separate employments and hired a new man at $10,000 a year, whereas decedent was then receiving

$6,000, to take over one of the two departments decedent had formerly jointly headed. There was no decrease in decedent's salary. The " emotional stress " of being confronted with this employment development, the board has found, led to a myocardial infarction which resulted in decedent's death and thus there was found to have been a compensable accident. Concededly, there is substantial evidence establishing causal relationship and evidence that decedent, in fact, became disturbed at the employer's decision to divide his employment duties and assign a portion thereof to another at a higher salary than decedent was then receiving. However, to sanction this as a compensable industrial accident goes far beyond any previous case and would mean that if an employee could be shown to have become emotionally upset at any reasonable decision or action on the part of his employer affecting the employee's employment status and, thereafter, to have suffered a cardiac event as a result, an award of compensation would be sustainable. For a long time we recognized that all employees are occasionally subjected in employment to " countless differences and irritations " which normally produce no untoward results and held that cardiac events resulting from the stress or strain of such situations were not compensable (e.g., *Matter of Strauss v. Morning Freiheit,* 39 A D 2d 786 and cases cited therein). In recent cases such as *Matter of McKane* v. *Edson Structures (supra)* ; *Matter of Tilney* v. *Harrison & Abramowitz (supra)* and *Matter of Bernsley* v. *Telemarine Communications Co.* (40 A D 2d 745, mot. for lv. to app. den. 31 N Y 2d 645), under constraint of the previously noted decisions of the Court of Appeals, we have upheld decisions of the board finding that ordinary business pressures can result in emotional stress and strain in a particular individual to produce a compensable cardiac event. It is, however, one thing to recognize that ordinary business pressures or ordinary physical activities of employment can produce a compensable cardiac event in a particular individual and quite another to treat as industrial accidents cardiac events traced to emotional upset resulting from the employer's legitimate decisions about the conduct of employment. Every employee has concerns at times about his relationship with his employer. He is concerned about doing a satisfactory job, being promoted, getting pay increases and even at times worried about possibly being discharged or laid off. These concerns naturally produce an emotional reaction, admittedly more in some than in others, but it is a natural reaction faced by all who work, and except that it arises from an employment relationship, it is similar to reactions that we undergo in facing the anxieties present in all of our activities in life, work connected or otherwise. If the present decision were to be upheld, any worker who undergoes a cardiac event would be able to produce some stress, strain or tension of his employment relationship to which to connect it in some way to make it a compensable accident. And those who reply that it is only where there is medical proof as to such connection that an award will be proper are blind as to how easily some medical " evidence " seems to be able to be produced in these cases and how readily the board will seize on any medical testimony to provide the claimant with an award. Decision reversed, and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Sweeney, Kane and Reynolds, JJ., concur; Greenblott, J. P., and Main, J., dissent and vote to affirm in a memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). We must respectfully dissent. The majority concedes that emotional stress alone can constitute sufficient basis for an award of compensation and that there was substantial medical evidence here establishing causal relationship between the emotional

stress brought on by the employer's decision to divide the employment duties and the fatal heart attack. Nevertheless, the majority refuses to "accept" that an award is appropriate in this case on the view that decedent was subject to nothing more than one of the "countless differences and irritations" of employment generally which normally produce no untoward results. In our view this determination was a question of fact solely within the province of the board and should be sustained since it was based upon medical evidence. Furthermore, we would suggest that any effort by this court to draw a line between "ordinary business pressures" and "countless differences and irritations" must prove futile. It can be argued with some force that the "ordinary business pressures" referred to by the majority are actually more in the nature of mere irritations resulting from everyday life than is a decision by an employer to relieve an employee of long standing of a substantial portion of his responsibility. We feel that it is in recognition of the impossibility of making such a distinction that the Court of Appeals has begun to apply a more subjective standard in heart cases, stating in *Matter of Schuren* v. *Wolfson* (30 N Y 2d 90, 92): "Cases may be found both ways as to what is 'strenuous work' but the weight of authority holds that if the physical effort of work is too strenuous for the man, time and place of occurrence of a definite physical event, it may be found accidental upon a sufficient supporting medical record." We see no reason why the subjective test of *Schuren* (*supra*) and its predecessor *Matter of McCormick* v. *Green Bus Lines* (29 N Y 2d 246) should not be applicable in cases involving emotional strain. The majority seems to be principally concerned with the apparent readiness of the board to "seize on any medical testimony to provide the claimant with an award". In providing that factual decisions of the board, supported by substantial evidence, shall not be overturned on appeal (Workmen's Compensation Law, § 20), the Legislature has specifically sanctioned such an approach and any change in our lawful scope of review should be made by the Legislature if it feels that abuses are being perpetrated. The decision of the board should be affirmed.