■ In the Matter of JUAN BELTRAN, Respondent, v. ALLIED MAINTENANCE CORP. et al., Appellants. WORKMENS COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 13, 1973. On July 6, 1971, while picking up garbage, claimant, a porter, had some dirt or dust enter his right eye. He commenced medical treatment on July 22, 1971 at which time his condition was diagnosed as uveitis. The medical experts agreed with the ultimate diagnosis of toxoplasmosis choroidoretinitis. Following a hearing, the referee concluded that claimant suffered a 55% causally related loss of vision and this finding was affirmed by the board. Appellants contend that

the board's finding is not supported by substantial evidence in the record. We are constrained to agree. Claimant's medical witness did not voice any opinion on the causal relationship between the injury and the employment, variously responding to such questions with: "I can't answer that question;" "I don't know. I can't say;" "I can't say yes or no here." The carrier's expert, on the other hand, testified that there could be no causal relationship between the injury and the dust or dirt entering claimant's eye. While medical certainty as to an opinion is not a prerequisite for a finding of compensability, a reasoned hypothesis being sufficient (see *Matter of Garcia* v. *Gallo Original Iron Works*, 34 A D 2d 1077, 1078), sheer speculation will not suffice to support an award (*Matter of Riehl* v. *Town of Amherst*, 308 N. Y. 212). The fact that a disease is of uncertain or unknown etiology is not a bar to a finding of occupational disease and disablement and, in such a context, medical evidence of what is possible or could have occurred is given respectable weight (*Matter of Benenati* v. *Tin Plate Lithographinng Co.*, 29 A D 2d 805, 806). The difficulty here is that we are not presented with a situation where a medical opinion is being voiced albeit with caution (compare *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414, 415), but one where professional judgment is deliberately being withheld. In the absence of any medical evidence of casualty, a careful reading of the whole record fails to reveal substantial evidence to support the board's conclusion. Decision reversed, and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.