■ In the Matter of the Claim of MARY SLOMAN, Respondent, v ROGER DETECTIVE BUREAU et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 13, 1974, which affirmed an award of death benefits. Decedent worked for a detective agency as a part-time guard at a hospital. Prior to his death from a heart attack, he was suffering from advanced coronary occlusive disease and an enlarged heart, with a probable developing myocardial infarction. On August 22, 1970 there was a disturbance at the hospital to which the decedent was called and engaged in a brief, but heated, exchange with a patient. Within 15 minutes thereafter, the deceased collapsed and died. Appellants urge that the incident was a minor disagreement that might be expected in that particular job and that unless there has been a prolonged argument and highly emotional stress, there can be no

recovery *(Matter of Weinstein v Apex Dress Co.,* 25 NY2d 947). The question to be decided is whether there is substantial evidence to support the finding of the board that the decedent met with accidental injury which arose out of and in the course of his employment when he suffered the heart attack resulting in his death. The test is not whether the particular event would have caused a heart attack for the average, healthy person, but whether the "employment is shown to have produced a strain on the individual and there is sufficient medical proof to establish causal relationship between the strain and the cardiac event" *(Matter of Millar v Town of Newburgh,* 43 AD2d 641; see, also, *Matter of McCormick v Green Bus Lines,* 29 NY2d 246). Despite the fact that two doctors who testified for the appellants forcefully expressed opinions that there was no causal relationship between decedent's work activities and his death, there was medical testimony that the cause of death was the superimposition of a severe emotional trauma upon a previously diseased cardiovascular system. Factual decisions of the board supported by substantial evidence, as herein, shall not be overturned on appeal (Workmen's Compensation Law, § 20). Decision affirmed, with costs to the Workmen's Compensation Board. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.