■ In the Matter of the Claim of JOHN MACINSKI, Respondent, v VILLAGE OF JOHNSON CITY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 25, 1975, which determined that the cardiac disablement of claimant was job related and compensable. Claimant, a first-class fireman with 20 years experience with the Village of Johnson City and with a medical history of angina pectoris, reported to work at 8:00 A.M. on July 6, 1974. Within 40 minutes, after answering roll call and walking up a steep 20-step staircase to the second floor of the fire station, claimant became involved in a heated argument with a junior fireman over seating arrangements in the station kitchen causing him to become so emotionally upset that he struck the other fireman in the face. Shortly thereafter he was hospitalized, placed in the coronary intensive care unit for two days, and on July 8, 1974 it was medically determined that claimant had suffered a myocardial infarction. The questions to be decided are whether there is substantial evidence to support the board's finding that claimant met with accidental injury which arose out of and in the course of his employment, and the adequacy of the medical proof establishing the causal relationship between the emotional strain and the cardiac event *(Matter of Millar v Town of Newburgh,* 43 AD2d 641; cf. *Matter of McCormick v Green Bus Lines,* 29 NY2d 246). Since firemen on duty are required to be available at all times to respond to an alarm, it is in the employer's interest to provide kitchen facilities within the fire station. Thus, claimant was in his work environment and the altercation must be deemed to have occurred in the course of his employment *(Matter of Dorman v New Process Gear Div. Chrysler Corp.,* 44 AD2d 8, affd 35 NY2d 975). Unlike *Matter of Millar (supra),* the stair climbing and the altercation herein went beyond "irritations" usually associated with one's employment and constituted emotional stress and strain with respect to this claimant that must be equated with an industrial accident *(Matter of Schuren v Wolfson,* 30 NY2d 90). Next, two

qualified cardiologists gave divergent views as to the relationship of the emotional strain caused by the argument and step climbing and claimant's myocardial infarction. Thus, there is substantial evidence in the record to support the board's finding that the superimposition of severe emotional trauma upon a diseased cardiovascular system caused claimant's compensable cardiac disability. Factual findings should not be overturned on appeal (Workmen's Compensation Law, § 20; *Matter of Sloman v Roger Detective Bur.*, 48 AD2d 984). Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.