(October 18, 1979)

■ In the Matter of the Claim of NELSON RICE, Respondent, v KAVANAGH TRUCKING CO., INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed June 13, 1978, which held that claimant sustained an accident which arose out of and in the course of his employment. On August 19, 1975, claimant, a truck driver, went to work at Tupper Lake, New York, at 6:00 A.M. He started his tractor, backed it under a trailer and hooked up the brake hoses. He then cranked up the trailer dollies and proceeded to drive the tractor trailer to Canada with the trailer loaded with wood chips. When he reached Potsdam, New York, after having driven about an hour, he felt a numbing sensation in his left arm. He stopped outside of Potsdam and walked around the trailer, and, upon feeling better, proceeded to Cornwall, Canada, where the trailer was unloaded. When the trailer was unloaded, he again connected the tractor to the trailer and raised the dollies. He testified that you have to put a lot of weight on the crank to crank the dollies. On the return trip, he passed out while stopped near the customs house. When he reached Ogdensburg, New York, he stopped for a traffic light, and passed out a second time. He then proceeded back to his employer's garage. When he arrived there at 11:30 A.M., he again went through the unhooking procedure. He then called his employer who came and took him to the Mercy General Hospital where an electrocardiogram revealed a myocardial infarction. The board found on the testimony of Dr. Gaffney that moderate to marked physical exertion could be a factor, "that work done by this claimant on August 19, 1975, constituted for this individual more than the usual wear and tear of life, and constituted an accident within the meaning of the law and resulted in a causally related myocardial infarction with subsequent disability." The carrier now contends that there is no substantial evidence to support the findings of accident and causal relationship. Specifically, the carrier asserts that claimant did not load the truck or do any lifting, and Dr. Gaffney did not establish causal relationship. Dr. Wheeler testified for the carrier, stating that claimant had performed his usual work and did not do any unusual work, and he could see no evidence of a precipitating cause in claimant's job. The evidence, however, indicates that claimant had a marked coronary artery disease which pre-existed his

myocardial infarction, consisting of a total occlusion of one main artery and a 50% occlusion of a second. What constitutes strenuous work cannot be generalized. If the actual work done by a man with an inadequate cardiac reserve is found to have precipitated the cardiac event which causes disability or death, a sufficient factual relationship may be found between the strain of the work and the result to be deemed an accident within the scope of the Workers' Compensation Law if such a conclusion is supported by medical proof *(Matter of McCormick v Green Bus Lines,* 29 NY2d 246). It was within the province of the board to reject the testimony of Dr. Wheeler and accept the testimony of Dr. Gaffney. On this record, the board could find that the work performed by the claimant in hooking up the tractor trailer and driving the loaded vehicle required a moderate to a marked physical exertion sufficient to bring about claimant's injury. The board, having resolved the issues of fact in favor of claimant, and there being substantial evidence in the record to support its determination, the decision must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.