■ In the Matter of the Claim of KENNETH MITCHELL, Respondent, v NASON'S DELIVERY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed July 18, 1979. The claimant sustained a heart attack at about 12:00 noon on August 16, 1978, while unloading his employer's truck. Previously, on that date, he had made pickups and deliveries of cartons of hardware merchandise, weighing from 5 to 100 pounds each, in the same manner as he had done for about 29 years. The unloading required claimant to lift the cartons from inside the truck to its tailgate for placement onto a pallet; the pickups were done in reverse. At the time of his attack the claimant had just unloaded 21 cartons. He experienced numbness and shortness of breath and was sweating profusely. Taken by ambulance to a hospital, the diagnosis of myocardial infarction was made. At the hearing, two doctors testified that his work efforts did not contribute to this attack. The third doctor (Dr. Smith) stated in reply to a detailed hypothetical question that the claimant's exertion on that day "could have precipitated the myocardial infarction". Dr. Smith gave the medical rationale of his opinion as follows: "Well, I think Dr. Kij sort of lead [sic] up to the same thing by saying exertion can precipitate a myocardial infarction. I would have to say whether he's accustomed to that amount of exertion or not, he is indeed putting stress on his heart and I would think the chances of having a myocardial infarction would have to be greater than a rest although as Dr. Kij states, myocardial infarctions can occur at rest." Dr. Smith's medical opinion, with a supporting medical hypothesis, constitutes substantial evidence to justify a finding of causal relationship *(Matter of Cyr v Bero Constr. Corp.,* 75 AD2d 914). The Workers' Compensation Law does not require medical opinions to be expressed with positiveness or medical certainty *(Matter of Jurkovich v Northeast Constructors,* 56 AD2d 696). Moreover, squarely in point is *Matter of Ernest v Boggs Lake Estates* (12 NY2d 414) where an award was

sustained although the testimony of the physicians there included such words as "possible", "probably" and "could". As explained by the Court of Appeals (supra, p 415): "We, like the Appellate Division, will look for the thought and meaning of this medical testimony rather than penalize the claimant because the doctors did not state their opinions in terms of infallibility of scientifically determined certainty". Based, therefore, upon the testimony of the claimant and Dr. Smith, there is substantial evidence in the record to support the board's decision that "there was sufficient stress for this particular person to cause a myocardial infarction which arose out of and in the course of employment". Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.