■ In the Matter of the Claim of STEPHEN VAIDA, Appellant, v VIDAR DRY WALL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. —Appeal from a decision of the Workers' Compensation Board, filed April 4, 1979, which disallowed a claim for compensation under the Workers' Compensation Law. The board's decision states: "The majority of the Board Panel finds the neurological medical reports and the testimony of Dr. Gould fail to show any causally related hysterical conversion; further that the claimant has no further causally related disability and need of treatment; further that there is no evidence to excuse late filing by Dr. Nestor J. Totero." We have consistently held that questions of credibility, reasonableness and weight of medical proof are for the board to decide (*Matter of Lagona v Starpoint Cent. School,* 50 AD2d 236, affd 40 NY2d 1034). There is substantial evidence to sustain the determination of the board (see *Matter of Jennette v Dock & Coal Co.,* 22 AD2d 732). Decision affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of GIENI AMATO, Respondent, v SKLAR LUMBER & MILLWORK CO., INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed April 21, 1978 and February 27, 1979, which held that the deceased claimant sustained an occupational disease of a pulmonary nature and affirmed the award made. The board stated: "Upon a review of the record the Majority of the Board Panel reverses the Workers' Compensation Law Judge (Referee) disallowances of occupational disease and death, and finds, based on the testimony of the foreman, E. Fink, that claimant was in constant contact with lacquers, thinners and fumes, and the testimony and medical evidence of Dr. M. Bruckstein, that the claimant sustained an occupational disease of a pulmonary nature, arising out of and in the course of his employment on January 14, 1972, which resulted in the claimant's death on October 14, 1974." The matter was thereafter restored to the referee's calendar for the making of an award, which was affirmed by the board on February 27, 1979. Substantial evidence supports the determination of the board. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.