THIRD DEPARTMENT, MARCH, 1981

(March 5, 1981)

■ In the Matter of the Claim of VIRGINIA ALBRECHT, Appellant, v ORANGE COUNTY COMMUNITY COLLEGE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a letter decision of the Workers' Compensation Board, dated September 13, 1979, which refused to reconsider disallowance of a claim for death benefits. In 1969 Walter Albrecht, the deceased employee, an associate professor at the Orange County Community College, died in Africa while on sabbatical leave, ostensibly from poliomyelitis. A claim for death benefits under the Workers' Compensation Law was made. Following a tortuous series of hearings and decisions in November, 1974, a board panel disallowed the claim. This court, one Justice dissenting, after observing that the board's decision was ambiguous, affirmed disallowance of the claim reasoning that the professor's death was not the product of an "accident" within the meaning of the Workers' Compensation Law (61 AD2d 1068). The Court of Appeals also affirmed (46 NY2d 959), but in its decision dated March 20, 1979 stated that it was satisfied the board had predicated its rejection of the claim on the ground claimant had failed to establish accidental causation. Shortly after the Court of Appeals decision was issued and before an order effectuating that decision was entered, claimant's counsel furnished the board with a C-64 medical report, purporting to establish accidental causation and requested the matter to be reconsidered by the board. When the board advised further reconsideration was unwarranted for the case had been fully litigated, this appeal followed. Claimant's principal argument is that since a medical report establishing causally related death had been filed with the board prior to April 11, 1979, the date the remittitur order was entered, this case had not yet come to an end and the board, pursuant to section 123 of the Workers' Compensation Law, still continued to have jurisdiction of the claim. The respondent self-insured employer quite correctly contends that claimant had misapprehended her remedy. A motion for reargument before the Court of Appeals would have been appropriate. Furthermore, even if we were to credit claimant's procedural argument, the board's decision should not be disturbed. Given the facts that this matter has been litigated for over 11 years, that the board could treat the medical report as newly obtained rather than newly discovered evidence and indeed could even disbelieve the medical opinion advanced therein (Matter of Rice v Kavanagh Trucking Co., 72 AD2d 628), it cannot be said that its refusal to reopen this matter was arbitrary or capricious (Matter of Eddings v Big Jim Serv. Center, 48 NY2d 677). Decision affirmed, without costs. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.