■ In the Matter of the Claim of GERALD BALL, Respondent, v BENJAMIN ELECTRIC CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 22, 1980. The board, reversing an Administrative Law Judge, determined that the 49-year-old claimant sustained an acute myocardial infarction on September 23, 1977, as the result of increased work effort and emotional pressures in his job as a supervisor with an electrical contracting firm. His

doctor testified that the attack "was directly due to the mental and physical strain to which he had been subjected for preceding days or weeks as a result of increased duties required on his job." Poor economic conditions in the construction industry necessitated that claimant effect drastic reductions in the number of employees and "jockey" furloughs, all of which produced increased pressures and tension. On the date in question, claimant became involved in an argument concerning the placement of employees on a job site. Several hours later he sustained the myocardial infarction. The sole issue framed by counsel for all parties in the written stipulation was "whether the work efforts and emotional pressure as well as the work activities on September 23, 1977 precipitated claimant's acute myocardial infarction and that this constitutes an accident arising out of and in the course of employment." The board, faced with conflicting medical evidence, answered in the affirmative. It is well settled that an injury caused by emotional stress or shock may be accidental within the purview of the compensation law *(Matter of Wolfe v Sibley, Lindsay & Curr Co.,* 36 NY2d 505, 509). The questions are whether there is substantial evidence to support the board's finding that claimant met with accidental injury which arose out of and in the course of his employment, and whether the medical proof adequately establishes a causal relationship between the emotional strain and the cardiac event *(Matter of Macinski v Village of Johnson City,* 57 AD2d 974; *Matter of Millar v Town of Newburgh,* 43 AD2d 641). Claimant's increased responsibilities and activities went beyond "irritations" usually associated with one's employment and constituted emotional stress and strain that must be equated with an industrial accident *(Matter of Macinski v Village of Johnson City, supra)*. Despite testimony from the insurer's consultant that no causal relationship existed, there was medical testimony that claimant's acute myocardial infarction was directly related to the emotional strain of his work. Factual decisions of the board supported by substantial evidence should not be overturned on appeal (Workers' Compensation Law, § 20; *Matter of Sloman v Roger Detective Bur.,* 48 AD2d 984). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.