■ In the Matter of the Claim of IRA ROTHSTEIN, Respondent, v CONSOLIDATED ELECTRIC CONSTRUCTION CO. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 15, 1980, which ruled that claimant had sustained a compensable heart injury. Claimant, age 62, was an assistant superintendent for an electrical construction firm. He testified that on Friday, January 13, 1978, he was delivering a package to two young employees; that upon reaching into a station wagon and moving the package weighing between 35 and 50 pounds to the tail gate to be carried away by one of the employees he immediately felt a pain at the top of his chest but continued to work; that the next day he saw a doctor and returned to work the following Monday; and that later on that day he went to his union's medical center for a checkup, and was there directed to go to the hospital. Claimant's physician testified that the electrocardiogram taken at the medical center was read as showing "a pattern of hyperacute anterior wall-anterior septo *[sic]* wall infarction". The referee found that claimant did not suffer an accident within the meaning of the law. The board reversed stating: "After review, the Board finds on the basis of the testimony of the claimant and Dr. Ruthen *that the claimant lifted a box weighing between 35 and 50 pounds on January 13, 1978, and felt pains in his chest.* The Board finds that the work effort superimposed on his pre-existing arteriosclerotic heart disease was exceedingly arduous and strenuous *for this particular individual at this particular time* and precipitated a condition

diagnosed as acute myocardial infarction, thereby constituting an accidental injury arising out of and in the course of employment. The resultant disability is causally related to such accidental injury. [Emphasis added.]" This appeal ensued. While there is conflicting testimony, including medical testimony, the question of credibility is within the province of the board and it is not bound by the referee's determination *(Matter of Blaine v Big Four Inds.,* 17 AD2d 881). Questions of credibility, reasonableness and weight of medical proof are for the board to decide *(Matter of Amato v Sklar Lbr. & Millwork Co.,* 77 AD2d 721) and medical opinions need not be expressed with positiveness or medical certainty *(Matter of Mitchell v Nason's Delivery,* 75 AD2d 965). Considering the record in its entirety, we are of the view that there is substantial evidence to sustain the board's determination and there should be an affirmance. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.