■ In the Matter of the Claim of HAROLD THURBER, Respondent, v RED STAR EXPRESS LINES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 25, 1980, which ruled that claimant had sustained an accidental injury in the course of his employment and awarded benefits. Claimant, a 53-year-old truck driver, died on August 26, 1975 while driving a tractor trailer. A witness observed the truck weave and go off the road, striking a power pole. The death certificate stated that the cause of death was "cardiac arrest electrocution and/or myocardial ischemia". A referee determined that decedent's death was not causally related. The board reversed, stating: "Upon review of the record the Majority of the Board Panel finds, based on the testimony of Edward Boyle as to claimant's work effort on the day of the accident, that the work effort was sufficiently strenuous for this particular person to precipitate claimant's heart failure and death. In Dr. D. Weeks' opinion the heavy work performed by the claimant on August 26, 1975 created a condition of extension of the coronary damage that led to cardiac arrest and death, and therefore the Majority of the Board Panel finds the claimant sustained an accident arising out of and in the course of employment (*McCormick v. Green Bus Lines,* 29 NY2d 246)." On appeal, the employer and its carrier contend that there is a lack of substantial evidence to support the finding of accident and causal relationship. Specifically, they argue that claimant's myocardial infarction occurred the evening before he reported to work and that his work-related activities in no way contributed to his death. Dr. Davies, appellants' pathologist, so testified. The record does contain evidence that claimant suffered from pre-existing heart disease and showed symptoms of an infarction when he first arrived at work. Nonetheless, it also shows that he proceeded to load a truck for approximately two hours, during which period he complained of continued discomfort. Claimant's physician, Dr. Weeks, testified that a causal relationship did exist between claimant's work activity and the subsequent cardiac event. In our view, that exertion, coupled with claimant's pre-existing deficiency, and supported by medical evidence as to causal effect, adequately supports the board's determination (*Matter of Ashby v ARC Elec. Corp.,* 75 AD2d 698; *Matter of Rice v Kavanagh Trucking*

*Co.*, 72 AD2d 628). While there is conflicting medical testimony, the resolution of conflicts in medical opinion is within the province of the board and it is not bound by the referee's determination (*Matter of Rothstein v Consolidated Elec. Constr. Co.*, 84 AD2d 594; *Matter of Cook v Water Tunnel Contrs.*, 75 AD2d 693). Moreover, contrary to appellants' criticism, the record shows that Dr. Weeks' testimony was predicated upon a reasoned hypothesis (*cf. Matter of Beltran v Allied Maintenance Corp.*, 45 AD2d 795). There is substantial evidence in the record to support the determination of the board (*Matter of McCormick v Green Bus Lines*, 29 NY2d 246; *Matter of Olgeaty v Pass & Seymour*, 78 AD2d 758). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.