■ In the Matter of the Claim of SYLVIA MELTZER, Respondent, v McANNS BAR & GRILL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 17, 1981. Decedent died on July 4, 1977 at the employer's bar and grill in the course of his employment as a bartender. Claimant was awarded death benefits as the widow of the decedent and this appeal ensued. The employer and its insurance carrier argue on this appeal that decedent did not sustain an industrial accident within the meaning of the Workers' Compensation Law; that there is a lack of evidence of causal connection between his work activities and his death; and that claimant was not the legal widow of decedent since there was no valid marriage between the two. As to the last-mentioned argument, the record reveals that decedent's first wife obtained a Mexican divorce in which defendant did not appear. Decedent and claimant were thereafter married in Connecticut by a Justice of the Peace and about a month later in a religious ceremony in New York. The board found the marriage to be valid and claimant the legal widow. We agree. There is an extremely strong presumption of validity where there is a ceremonial marriage, and a stranger to the marital relationship has a heavy burden to establish its invalidity (*Matter of Esmond v Lyons Bar & Grill,* 26 AD2d 884). The board could properly find on this record that the burden was not met here. As to the issue of causal connection between decedent's work activities and his death, conflicting medical evidence was presented raising a question of fact for the board's resolution (*Matter of Casucci v Community Carting Co.,* 75 AD2d 701). Questions of credibility for the board to resolve were also presented on the issue of whether decedent sustained an industrial accident within the meaning of the Workers' Compensation Law. Since the board's decision is supported by

substantial evidence, it should not be disturbed (*Matter of Vaida v Vidar Dry Wall,* 77 AD2d 721, mot for lv to app den 51 NY2d 709). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.