■ In the Matter of the Claim of GEORGE COSSINGHAM, Respondent, v BUNKOFF CONSTRUCTION Co. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from decisions of the Workers' Compensation Board, filed December 18, 1980 and April 3, 1981, which ruled that claimant had sustained a compensable heart injury. Claimant was employed as a mason for 33 years. He testified that on Thursday, July 8, 1976, and again on Friday, July 9, 1976, he experienced chest pains after lifting cement blocks weighing 60 to 80 pounds each, but continued to work; that the next day chest pain recurred while he was walking up a hill; that a similar episode of pain occurred on Sunday, and that on Monday, he again experienced chest pain before reporting to work, which continued during the workday, and that evening he was admitted into Albany Medical Center Hospital where he was diagnosed as suffering from an acute myocardial infarction. Claimant further testified that he had never experienced chest pains prior to the incident of July 8, 1976. The attending physician, Dr. Doyle, diagnosed a myocardial infarction, but disputed any causal relationship to claimant's work activity. Dr. Doyle conceded on cross-examination, however, that he did not believe physical work activity could be a precipitating cause of heart failure. The carrier's consultant, Dr. Harris, attributed the infarction to the nonrelated events over the weekend and concluded that the infarction probably occurred Monday morning before claimant left for work. By way of contrast, claimant's medical consultant, Dr. Shahen, opined that the work performed aggravated a· developing coronary occlusion terminating in an acute myocardial infarction. A referee determined that claimant did not suffer an accident within the meaning of the law. The board reversed stating: "Upon review of the record the Board Panel finds, based on the report and testimony of Dr. Shahen and the credible testimony of the claimant, that his work effort on Thursday and Friday, July 8 and July 9, 1976, of laying blocks weighing 60 to 80 lbs. caused faintness and chest pains; that his work effort on Monday, 7/12/76, of laying 60 to 80 lb. blocks and bricks caused chest pain which continued and intensified causing him to seek medical attention that evening was arduous and strenuous, and precipitated a condition diagnosed as an acute myocardial infarction, and this constitutes an accidental injury arising out of and in the course of his employment." On appeal, the employer and its carrier contend there is a lack of substantial evidence to support the finding of an accident and causal relationship. Claimant's credibility and resolution of the sharp medical dispute on causation presented questions of fact within the province of the board, which was not bound by the referee's determination (*Matter of Rothstein v Consolidated Elec. Constr. Co.,* 84 AD2d 594). The board was free to accept or reject the whole or any part of the offered medical evidence (*Matter of Murtagh v St. Theresa's Nursing Home,* 84 AD2d 587). Based upon the record as a whole, we conclude there is substantial evidence to sustain the board's determination of a causally related industrial accident (*Matter of Thurber v Red Star Express Lines,* 85 AD2d 813). Clearly, claimant's work effort was strenuous and reasonably related to the resulting cardiac event. Accordingly, there should be an affirmance. Decisions affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.