■ In the Matter of the Claim of MICHAEL L. BOSCAINO, Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents. WORKERS' COMPENSATION

BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 25, 1981, which ruled that claimant had not sustained a compensable heart injury. Claimant was employed as head nurse at the Rikers Island Prison infirmary working a five-day week from 8:00 A.M. to 4:00 P.M. with an hour for lunch. For approximately eight months prior to October, 1978, claimant assumed the additional duties of head nurse at the prison clinic but did not work any extra hours. He testified his duties were mostly supervisory and clerical. On October 16, 1978, claimant attended a meeting with the director of nursing in regard to a two-day suspension based on his tardiness in filing a report. Claimant concedes that nothing out of the ordinary occurred at the meeting. The suspension was upheld. After the meeting, claimant experienced chest pain and appeared pale. A co-worker tested and found his blood pressure to be high. He left work and contacted his personal physician. Claimant was hospitalized on October 18, 1978 and diagnosed as suffering from an acute myocardial infarction and coronary artery disease. In reversing the referee's finding that claimant suffered a compensable accident, the board found: "upon review of the entire record, particularly the claimant's testimony and testimony of Dr. J. D. Matis, that the record fails to show evidence of unusual stress and effort to cause or precipitate a myocardial infarction and there is no evidence of myocardial infarction arising out of and in the course of employment." This appeal ensued. Essentially, claimant contends that the emotional stress of performing two jobs over an extended period, coupled with the suspension hearing, precipitated the myocardial infarction. He contends the board failed to apply the presumptions of section 21 of the Workers' Compensation Law and misconstrued the relevant medical testimony. The arguments are not persuasive. Whether a causal relationship existed between the emotional stress of claimant's employment and the ensuing cardiac event was an issue of fact for the board, as was the resolution of the conflicting medical testimony (cf. *Matter of Nizich v Robert F. Barreca, Inc.,* 86 AD2d 917; *Matter of Rothstein v Consolidated Elec. Constr. Co.,* 84 AD2d 594; cf. *Matter of Ball v Benjamin Elec. Corp.,* 84 AD2d 593). Although claimant's attending physician testified that claimant's work activities were a competent producing cause for the heart attack, the carrier's cardiological consultant determined that this was a common case of progressive coronary artery disease, not causally related. The board was free to accept or reject the whole or any part of the offered medical evidence and was not bound by the referee's determination (*Matter of Murtagh v St. Theresa's Nursing Home,* 84 AD2d 587). Factual decisions of the board supported by substantial evidence should not be overturned on appeal (*Matter of Ball v Benjamin Elec. Corp.,* 84 AD2d 593, 594, *supra*). In our view, there is substantial evidence to sustain the board's decision and there should be an affirmance. Decision affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.