■ In the Matter of the Claim of SONIA PALACIO, Respondent, v A & P TEA COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from a decision of the Workers' Compensation Board, filed December 28, 1981, as amended by decision filed May 24, 1982. The board affirmed the referee's decision that decedent died as the result of a work-related heart attack. The self-insured employer contends that the widow's uncorroborated testimony did not constitute substantial evidence to support the determination. It appears decedent, a 45-year-old corporate productivity manager for the A & P Tea Company, had a long and hectic work schedule requiring auto and airplane travel daily to visit other stores in the eastern region of the United States. He often worked seven-day weeks without rest or vacation, leaving home at approximately 5:30 A.M. and returning approximately 10:30 P.M. On September 19, 1978, he started at 5:15 A.M. traveling to Pittsburgh, Pennsylvania, returning home 17 hours later at approximately 10:30 P.M. He had experienced weakness, fatigue and chest pains during the day and was taken to a hospital by ambulance where he died that night from acute cardiovascular arrest. The widow described decedent's increased work effort in September, 1978 resulting from troubles in stores in Pennsylvania, Indiana and Ohio. The employer argues that claimant's failure to produce independent evidence to corroborate alleged lifting of a heavy suitcase during the day, renders the physician's report which is predicated upon her uncorroborated statements defective, citing section 118 of the Workers' Compensation Law. We disagree. Section 118 requires corroboration only for statements made by the deceased employee. The employer erroneously argues that because the entire testimony of the widow is uncorroborated, her case must fail. Only that portion of her testimony containing statements made by decedent requires corroboration (*Matter of Kelly v New York City Tr. Auth.*, 33 NY2d 373). The board could reasonably credit the remainder of her testimony based upon her personal knowledge, observation and recollection. Similarly, although claimant's expert cardiologist referred to claimant's lifting of a 30-pound suitcase in his report and testimony, the board could reasonably find the remainder thereof to be credible and sufficient to support causal relationship between the strenuous work and the heart attack. The sparse record contains a description of decedent's heavy work load and observations by the widow of its effect upon him, and diametrically opposed opinions of two cardiologists. Credibility and resolution of a sharp medical dispute presented questions of fact, the determination of which is within the province of the board. The board was free to accept the whole or any part of the offered medical evidence (*Matter of Cossingham v Bunkoff Constr. Co.*, 90 AD2d 594). Based upon the record as a whole, we conclude that there is substantial evidence to sustain the board's determination (*Matter of Thurber v Red Star Express Lines*, 85 AD2d 813). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.