■ In the Matter of the Claim of HARRIET SCHWARTZ, Respondent, v HOWARD, NEEDLES, TANNEN & BERGENDORF et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 8, 1982, as amended by decision filed May 20, 1982. Decedent was employed as a project manager. This job required him, at times, to make presentations to various people who were interested in construction projects. On May 10, 1979, decedent, then age 53, had traveled to Washington, D. C., and was actually making such a presentation when he had his fatal heart attack. The board found, in substance, that decedent's work-related events were of a sufficient stressful nature to have directly precipitated the cardiovascular arrest from which he died. This appeal ensued and the sole issue presented is whether there is substantial evidence to support the findings. We believe there is and are to affirm. The record reveals that decedent had two previous heart attacks; that he left early in the morning for Washington; and that he was concerned with the plan he was to present as he disagreed with it. A Dr. Nelson testified in response to a hypothetical question that given decedent's underlying cardiac injury the stress of the work-related events was of sufficient nature to have directly precipitated the cardiovascular arrest from which he died. While appellants argue that the evidence failed to demonstrate that decedent's work-related activity at the time of his demise was sufficiently stressful, the board may draw any reasonable inference from the facts and if findings are supported by such reasonable inferences, they are supported by substantial evidence (*Matter of Kolodynski v Aviv Knitware Corp.,* 77 AD2d 710, 711). We find substantial evidence in the record to support the board's finding on this issue. Appellants also urge that a medical report submitted by Dr. Nelson contained facts pertaining to decedent's stress-related work history which are not supported by the record. Dr. Nelson, however, testified on cross-examination that he based his opinion only on the facts set forth in the hypothetical question. These objected to facts were not assumed in the question. The board may accept or reject the whole or any part of the medical evidence offered (*Matter of Boscaino v Montefiore Med. Center,* 90 AD2d 611). In our opinion, there is substantial evidence to support the board's decision and, therefore, it should be affirmed (see *Matter of McCormick v Green Bus Lines,* 29 NY2d 246). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.