■ In the Matter of the Claim of GARLAND D. GATES, Respondent, v McBRIDE TRANSPORTATION, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 4, 1982, as amended by decision filed June 2, 1982. Claimant was employed as a dispatcher for McBride Transportation, Inc., when on January 9, 1979 he suffered chest pains while at his place of employment. He was transferred to a local hospital and it was determined that he had suffered an acute myocardial infarction. The board found that the problems encountered by claimant on January 9, 1979 created a situation of emotional tension which was too stressful for claimant at that time, thereby precipitating an acute myocardial infarction. This appeal ensued and the only issue is whether there is substantial evidence to sustain the decision. Claimant testified and described his work on that morning as routine duties. He further testified that one of the "prime" customers canceled an order and this aggravated him. The record also reveals that a Dr. Levy testified that he did not examine claimant but obtained a history from a letter he received from claimant's attorney. The letter is not in the record. Dr. Levy stated that the history he received indicated that the cancellation of an order by a "prime" customer created extreme stress. This doctor also stated that, in his opinion, claimant had a preexisting coronary artery disease and extreme unusual additional stress suffered by him on January 9, 1979 precipitated his acute myocardial infarction. On cross-examination, the doctor stated that if the facts contained in the attorney's letter were incorrect he would have a different opinion. There is nothing in the record demonstrating that claimant experienced extreme unusual stress. The employer produced a doctor who testified, in substance, that claimant's condition was not work related but due to obesity, hypertension and smoking. Considering the record in its entirety, we are of the view that there is no substantial evidence to sustain the board's determination and it should be reversed (see *Matter of Millar v Town of Newburgh,* 43 AD2d 641). Decision

reversed, and claim dismissed, with costs to appellants against the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.