■ In the Matter of the Claim of PATRICIA MONETTE, Respondent, v COUNTY OF ALBANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 11, 1982, which ruled that claimant's deceased husband had sustained a compensable heart injury. The record shows that among his duties as a deputy sheriff, the 46-year-old decedent served summonses and warrants which required walking and climbing of stairs in certain housing projects. On March 15, 1979, decedent climbed two flights of stairs on five separate occasions in an attempt to serve a summons. Decedent's spouse testified that he complained of chest pains and stayed in bed during the ensuing weekend. On Monday, March 19, 1979, decedent, while returning to a second shift of work, was discovered dead in the employer's parking lot. The carrier's consultant opined that decedent died as a result of a "severe eschemic heart disease" unrelated to his work. Claimant's medical consultant stated that, while decedent had extensive pre-existing heart disease, his recent work efforts had been excessive and contributed to his death. The board held that based on the lay and medical testimony, the work activities preceding decedent's demise were, for him, at that time, so strenuous and stressful as to act on his underlying heart condition and precipitate a coronary occlusion; and that this constituted an accident arising out of and in the course of employment and that the death was causally related thereto. The employer and its carrier urge that there is a lack of substantial evidence to support the board's determination, arguing that death was simply the natural progression of his pre-existing heart disease which would have been precipitated by any activity (see *Matter of Burris v Lewis*, 2 NY2d 323). In our view, the evidence of claimant's work efforts, coupled with his pre-existing deficiency and supported by medical evidence as to causal effect, adequately

supports the board's determination (*Matter of Thurber v Red Star Express Lines*, 85 AD2d 813; *Matter of Ashby v ARC Elec. Corp.*, 75 AD2d 698). The board was authorized to draw any reasonable inferences from the facts presented, including its finding that decedent's work was strenuous for a man of such impaired cardiac performance. The sharp medical dispute merely presented a question of fact for resolution by the board, which was not bound by the referee's determination and was free to accept or reject any part of the offered medical evidence (*Matter of Cossingham v Bunkoff Constr. Co.*, 90 AD2d 594). The determination is supported by substantial evidence and, accordingly, we affirm (see *Matter of McCormick v Green Bus Lines*, 29 NY2d 246; *Matter of Schwartz v Howard, Needles, Tanner & Bergendorf*, 93 AD2d 930). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.