■ In the Matter of the Claim of RYSON CARTER, Respondent, v MOBIL CHEMICAL COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed April 16, 1984.

Claimant, employed as a material handler, sustained a compensable injury in May 1978 when a 90-pound roll of plastic fell on his right hand. An occupational award for tendonitis of the right wrist was made. The case was closed in November 1979 on a finding of no continued disability and no schedule loss. The case was reopened on May 14, 1981, premised on medical reports indicating continuing disability and work limitations. After several hearings, a referee determined that there was no continuing disability in either claimant's right wrist or elbow causally related to the subject accident, and that the present disability related to a preexisting congenital laxity of the wrist. The Workers' Compensation Board reversed, finding, "based on claimant's Dr. Goldstein's testimony, that claimant's right elbow is causally related to the work related incident of May 1978 * * * [and] based on Dr. Shera's findings, that the claimant has a partial causally related disability". The self-insured employer has appealed.

Essentially, the employer contends that the Board's determination is not substantiated by the medical evidence in that Dr. Marvin Goldstein's opinion lacked certainty and no opinion as to causation was given by Dr. Robert Shera, the Board's principle medical examiner. While a review of the record confirms a sharp conflict in testimony among the various medical experts, it is well established that the Board is free to resolve conflicts in medical opinion and its determination will not be disturbed

when supported by substantial evidence (*Matter of Currie v Town of Davenport,* 37 NY2d 472; *Matter of Rothstein v Consolidated Elec. Constr. Co.,* 84 AD2d 594, 595). That a medical opinion is not rendered in terms of absolute or reasonable medical certainty is not fatal to an award (*Matter of Mitchell v Nason's Delivery,* 75 AD2d 965, 966; *Matter of Cyr v Bero Constr. Corp.,* 75 AD2d 914, 915). Indeed, all that is required is that the medical opinion reflect a probability supported by a rational basis (*supra; see, Matter of Calabretta v Lanorith,* 90 AD2d 608, 609). It is clear that Goldstein was unable to definitively establish a causal relation between claimant's elbow condition and the subject accident, but he did opine that the usual cause was a "direct blow". Significantly, the record confirms that, when he testified, Goldstein was unaware of the fact that claimant had slammed his elbow into the worktable at the time of the accident. Once this fact was revealed, Goldstein reported that the elbow condition "is more definitely related to the episode at work than anything else". In our view, such testimony provides substantial evidence to support the Board's determination of a causally related elbow disability (*supra; cf. Matter of Kwiecien v Charlow,* 62 AD2d 1109, 1110).

As to the wrist, the employer asserts that the disability noted by Shera is the result of a congenital condition, as indicated by the employer's medical expert, Dr. Austin Leve. Shera examined claimant's wrist on February 1, 1983, finding an *injury* to the intercarpal ligaments of the wrist and partial disability. Such language imports a relationship to an accident, not a congenital condition, and in view of claimant's testimony that he has been unable to work since the accident, we find a substantial basis for the Board's determination that the present wrist disability is causally related.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.