■ In the Matter of the Claim of EDITH TANGREDI, Appellant, v GAF CONSTRUCTION CORPORATION et al., Respondents.

WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed October 16, 1985, as amended by decision filed April 4, 1986.

Decedent's widow filed a claim for death benefits alleging that her husband, a superintendent for a construction firm, sustained a fatal heart attack during work hours on April 14, 1980 as the result of heavy work on the job. On December 14, 1981, an Administrative Law Judge, after a hearing, disallowed the claim holding there was no evidence of strenuous work on or about the date of death and that claimant died of a preexisting and underlying coronary artery disease. On appeal, the Workers' Compensation Board, finding the record required further development including the testimony of decedent's doctor, rescinded the decision and restored the case to the Trial Calendar. At the conclusion of the ensuing hearing, a different Administrative Law Judge found the infarction was caused by undue exertion at work. The Board ultimately reversed, ruling that upon the lay testimony and that of claimant's doctor, decedent did not sustain an accident arising out of and in the course of employment and that his myocardial infarction was not caused by any exertion on the job. Claimant appeals.

Review of the testimony of the labor foreman and president of the employer demonstrates that decedent's duties were supervisory in nature and that he was instructed not to participate in any physical work because he was a supervisor and had a prior history of hernias and chest pains. The foreman was with decedent the day he died and testified that decedent did not perform any strenuous work. The two ate lunch together and no complaints were made of ill health. Decedent died after returning to the office shortly after lunch. Decedent's attending physician testified that he was treating decedent for high blood pressure and symptoms of angina and coronary disease. Starting in 1978, several cardiograms showed abnormal results. In 1972, decedent had been hospitalized for alcoholic diabetes. The doctor attributed the cause of death to a myocardial infarction, possibly occasioned by physical activity on the job. Under cross-examination, however, the doctor stated that it was possible for someone with this underlying arteriosclerotic heart disease, experiencing angina pain, to sustain a myocardial infarction without the intervention of heavy lifting or exertion. The widow testified that decedent would participate in physical labor on the job.

The Board has broad authority to resolve conflicts in testi-

mony and to draw reasonable inferences from the evidence presented *(cf. Matter of Schwartz v Howard, Needles, Tannen & Bergendorf,* 93 AD2d 930). The Board may also accept or reject all or part of the medical evidence presented, and is not bound by the hearing officer's assessment *(Matter of Boscaino v Montefiore Med. Center,* 90 AD2d 611; *Matter of Thurber v Red Star Express Lines,* 85 AD2d 813, 814). In our view, the Board had ample basis to conclude that decedent's myocardial infarction was not caused by work-related activities and thus did not arise out of and in the course of his employment. We find the decision supported by substantial evidence in the record, which serves to rebut the presumption accorded by Workers' Compensation Law § 21.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.