■ In the Matter of the Claim of WILLIAM F. WOOD, Appellant, v LEASEWAY TRANSPORTATION CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 744] —Appeal from a decision of the Workers' Compensation Board, filed June 11, 1991, as amended by decision filed March 27, 1992, which ruled that claimant had no further causally related disability subsequent to June 27, 1989.

After injuring his back while unloading a car from the top of a tractor trailer, claimant received workers' compensation disability benefits until August 30, 1989. At that time payments were suspended based on the employer's contention that claimant was no longer suffering from any further disability. A hearing was held after which a Workers' Compensation Law Judge (hereinafter WCLJ) found no further causally related disability subsequent to June 27, 1989. The Workers' Compensation Board upheld the WCLJ's decision and this appeal followed.

We affirm. Although all of the physicians who examined claimant initially testified that he was at least minimally disabled, all but one admitted that their diagnoses were essentially based on claimant's subjective complaints. In addition, of those physicians confronted with facts based on a videotape taken by an investigator on June 27, 1989, all but one conceded that claimant's physical activities depicted in the tape were inconsistent with their findings. The tape showed, *inter alia,* claimant engaging in repetitive bending and stretching from the waist while washing and cleaning cars. The WCLJ, who viewed the tape, noted that claimant's actions were done for a substantial period of time, approximately three hours, and were done "without any visible discomfort or disability". One of the physicians who examined claimant concluded that the tape "contradict[ed] any subjective assertions of complaints of restricted motion, stiffness and severe pain".

It was for the Board to resolve any conflicts in the medical testimony and it was free to reject all or part of the medical evidence offered *(see, Matter of Tangredi v GAF Constr. Corp.,* 125 AD2d 811). Moreover, the Board is the final judge of witness credibility *(see, Matter of McCabe v Peconic Ambu-*

*lance & Supplies,* 101 AD2d 679). Upon reviewing the record in this case, we find substantial evidence to support the Board's conclusion that claimant was no longer suffering from any causally related disability *(see, Matter of Schwartz v Howard, Needles, Tannen & Bergendorf,* 93 AD2d 930; *see also, Matter of Anderson v Intervale Floor Refinishing Co.,* 8 AD2d 551). Claimant's remaining contentions have been considered and rejected for lack of merit.

Mikoll, J. P., Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.