■ In the Matter of EDWARD SCOTT, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [17 NYS3d 332]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed March 24, 2014, which ruled that claimant

did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant, a bus operator for nearly 26 years, applied for workers' compensation benefits due to orthopedic pain in his neck, back, arms and legs allegedly the result of the repetitive stress of performing his job duties. Following a hearing, a Workers' Compensation Law Judge found that there was insufficient evidence of a causal relationship between claimant's physical condition and his employment and denied the claim. The Workers' Compensation Board affirmed and this appeal ensued.

We affirm. Although the untimely filing of a notice of controversy precluded the employer and its workers' compensation carrier from submitting evidence on the issue of whether claimant's condition arose out of and in the course of his employment (see Workers' Compensation Law § 25 [2] [b]), this "did not relieve[ ] claimant from his burden to demonstrate a causal relationship between his employment and medical condition" (Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1042 [2014] [internal quotation marks and citation omitted]). To that end, it is within the province of "the Board to resolve any conflicts in the medical testimony and it was free to reject all or part of the medical evidence offered" (Matter of Wood v Leaseway Transp. Corp., 195 AD2d 622, 622 [1993]).

Contrary to claimant's contention, the Board did not reject any unanimous opinion of the medical experts and draw its own conclusion with regard to causation. Mark Koshar, claimant's primary physician, testified and, based upon his examination and medical imaging tests, diagnosed claimant with lumbaosacral syndrome with spinal stenosis, radiculopathy and osteoarthritis. Koshar, who was unfamiliar with claimant's job duties, was unable to give an opinion as to a causal relationship between claimant's physical condition and his employment. Robert Friedman, an orthopedic surgeon who also treated claimant, opined that his examination of claimant, as well as the results of X rays and MRIs, confirmed that claimant suffered from lumbar and cervical disc disease with radiculitis, right shoulder rotator cuff tendinitis and bilateral knee arthritis. Friedman, however, also was unable to express an opinion as to whether claimant's work activities contributed to these conditions, noting that these "wear-and-tear type problems" were not unusual for a man of claimant's age and overweight condition. Michael Hearns, a specialist in occupational environmental medicine, anesthesiology pain medicine and general practice, opined that, based upon his ex-

amination of claimant and review of numerous articles, claimant's condition was due to repetitive strain injuries causally related to his employment. The Board, however, found his testimony not credible, particularly given his opinion—which was contrary to the diagnostic imaging results and assessment of claimant's treating physicians—that claimant did not suffer from any arthritic condition. No other medical evidence establishing causality was offered. Under these circumstances, we find that substantial evidence supports the Board's decision that claimant did not establish that his orthopedic condition was causally related to his employment and, as such, the decision will not be disturbed (*see Matter of Cunningham v New York City Tr. Auth.*, 122 AD3d at 1043; *Matter of Satalino v Dan's Supreme Supermarket*, 91 AD3d 1019, 1020 [2012]; *Matter of Kramer v Ultra Blend Corp.*, 297 AD2d 890, 891 [2002], *lv denied* 99 NY2d 506 [2003]).

McCarthy, J.P., Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.