■　　In the Matter of the Claim of SADIE LEFKOWITZ, Respondent, against HERMAN SILVERSTEIN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of the Workmen's Compensation Board for disability and death benefits. The sole issue presented is whether there is substantial evidence to support the board's finding that decedent's disability and death were causally related to an industrial accident of May 10, 1955. While working as a salesman in a jewelry store on May 10, 1955, claimant was struck on the front of the right thigh by a swinging door which operated under spring tension. He testified during his lifetime that he felt a very sharp pain in the area struck by the door for a few seconds. Shortly after this incident he told his employer that he hurt himself and felt pain. He continued working, however, because the severe pain stopped, but he continued to feel a "drawing pain". Home remedies such as liniment and alcohol massage and a heating pad were applied until July 20, when his wife in massaging his leg discovered a hard lump, and thereupon claimant consulted a doctor who suspected a cancer and a short time later took a needle biopsy and found a malignancy. On August 8, 1955 the tumor was removed surgically. There was a subsequent recurrence, and a second operation resulted in the removal of the right leg at the hip, and on June 6, 1957 decedent died due to metastasis to the lungs resulting from leg cancer. A great many medical reports were filed and a great deal of medical testimony was taken which is sharply conflicting. The case was finally diagnosed at the time of the leg removal as an osteogenic sarcoma. Claimant had observed no symptoms prior to the incident of May 10, 1955. The medical testimony discloses the usual difference of medical opinion as to whether trauma can cause or aggravate cancer. However, there is substantial medical evidence in the record to support the finding of the board that the decedent's disability and death were causally related to the trauma and to the accident. (*Matter of Avesto* v. *Morell-Brown*, 7 A D 2d 796; *Matter of Schaffer* v. *S. Klein on the Square*, 6 A D 2d 924; *Matter of Morrello* v. *Kress & Co.*, 6 A D 2d 929.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.