In the Matter of the Claim of BERT JENNETTE, Respondent, v. DOCK & COAL CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of benefits on the grounds that there is no substantial evidence to support the board's findings of permanent partial disability. On September 28, 1950 claimant, a laborer, suffered a severe back strain while manipulating a sledge hammer. As a result compensation awards were made from October 1, 1951 to February, 1955. On December 11, 1958, a hearing was held on the question of continued disability. At this hearing there was the usual conflict of medical opinion, and, in addition, appellants produced motion picture films of claimant performing various gardening activities to refute his claim of disability. The board, however, on July 12, 1959 found a 33⅓% disability and this determination was not appealed. In November, 1961 the carrier requested another hearing on the question of further causally related disability. This precipitated another series of hearings with the board concluding on February 21, 1964 that claimant continued to have a causally related permanent disability. It is this determination that appellants seek to review here. Appellants assert that claimant has not been entitled to compensation since December 11, 1958, but since appellants' application for review deals only with the period subsequent to July 12, 1963, our review is thus limited (Workmen's Compensation Law § 23; see, e.g., *Matter of Chersi* v. *Lulich Constr. Co.*, 19 A D 2d 672). Of course, if there is substantial evidence in the medical testimony to support the board's findings, it must be sustained. The board's findings were that: "Dr. Kissane, the carrier's consultant * * * testified that claimant does have a permanent disability due to arthritis. Dr. Clark [claimant's consultant] testi-

fied that the osteoarthritis of the lumbar spine is causally related to the accident." We can find no substantial evidence in the record to support either of these findings. Nowhere can we find testimony by Dr. Kissane that claimant has "a permanent disability due to arthritis" as stated by the board. We do not find Dr. Kissane's general statement that he "was of the opinion that he (claimant) had some disability based upon his aging process and his arthritic condition", to be such an admission. The whole tenor of Dr. Kissane's testimony is against causal relation and that claimant's display of symptoms were at least partially fraudulent. Nor does Dr. Clark's testimony supply the requisite substantial evidence. For while it is true he does opine that claimant's "complaint has some bearing to the incident of 1951", it is clear that in addition to not having seen any of the previous X rays nor possessing any information concerning the nature and extent of the accident he had an incorrect history of the case being under the assumption that the injury was caused when claimant fell into a hole and hit his hip. Dr. Clark's opinion, having no rational basis, is thus valueless (see *Matter of Falconer* v. *Proto Tool Co.*, 19 A D 2d 926). Since we find no evidence to support the board's findings on which it based continued disability, the case must be remitted for further development. Decision reversed and case remitted, with costs to appellants against the Workmen's Compensation Board. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.