■ In the Matter of the Claim of JOSEPH ESTOCK, Respondent, v. 250 WEST PROPERTIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision of the Workmen's Compensation Board awarding for disability due to accidental injury sustained by claimant, an apartment house superintendent, when, according to the board's findings, he struck his head against a sink he was repairing, the blow precipitating a cerebral vascular accident. Claimant, who had shortly become stuporous, testified that he had no recollection of the incident, the proof of which was elicited from his helper, whose testimony is attacked by appellants as incredible, principally because claimant's wife said that the helper did not tell her of the accident at the time or until some six weeks later. Thus there was involved a question of credibility which the board, under its well-established powers, was free to determine as it did. Additionally, the employer's report of injury stated the nature of the injury as "Injured head while working under sink repairing pipe" and stated, also, that the accident was sustained while claimant was "working under sink fixing pipe * * * hit his head while pulling the pipe out" and the carrier failed to produce any evidence tending to qualify or explain these admissions. (See *Matter of Webster* v. *Mason*, 13 A D 2d 355, 358.) Although at one time its representative stated that he would produce "the assured" and certain named witnesses at a subsequent hearing, the carrier did not do so but did produce the helper, who thereupon gave the testimony which the carrier now attacks as a fabrication. The board was also entitled, of course, to reject appellants' medical proof and to accept the testimony of claimant's attending internist and that of his attending neurologist, each of whom found his disability due to a traumatic cerebral hemmorhage, of which the blow to the head was the causative agent. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.