■ In the Matter of the Claim of DOROTHY HAM, Respondent, v RUMSEY SHEET METAL, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed October 25, 1985, which awarded death benefits to claimant.

In September 1980, claimant's decedent injured his right great toe while at work when he dropped a 150-pound piece of sheet iron on it. His foreman was aware of the incident and his employer was informed of the incident within the next two days. However, he did not seek medical attention until September 17, 1981 when he consulted a dermatologist, Dr. William E. Clack, for a persisting infection at the point of his

injury. The initial diagnosis was fungus infection and the toe was treated accordingly until December, when it became apparent that a much more serious condition existed. A biopsy established the existence of a melanoma. The lymph nodes in the groin were swollen and although the toe was amputated, the carcinoma had metastasized and decedent died on May 26, 1982. The death certificate listed death caused by "hepatic metastases" due to "malignant melanoma right great toe".

On November 13, 1981, decedent's employer filed a report of the injury with the Workers' Compensation Board. Dr. Clack had filed a C-48 report dated October 30, 1981 and decedent filed a claim for compensation, a C-3 form dated December 29, 1981, after amputation of his toe claiming inability to work since December 4, 1981.

On this appeal, the carrier seeks reversal for lack of substantial evidence of causal relationship between decedent's injury and ultimate death and lack of proper notice of injury. First, we find substantial evidence present to sustain the award. There was conflicting medical evidence between Dr. Clack's view that the death of decedent resulted from the melanoma directly caused by the trauma to decedent's toe or the aggravation of a preexisting melanoma based upon statistical data and medical literature of the subject of the particular relatively rare subungual melanoma suffered by decedent. Although the carrier's expert, a highly qualified surgical oncologist, was of a different view, he concluded that trauma to a preexisting melanoma would accelerate or aggravate its growth in some ways. In any event, it is not our function to weigh the conflicting testimony of medical experts (*Matter of Stein v New York Times Co.*, 78 AD2d 757; *Matter of Jackson v Aarlin Realty Co.*, 23 AD2d 598; *Matter of Lefkowitz v Silverstein*, 11 AD2d 841).

As to the claim of lack of notice and resulting prejudice to the carrier, we note that the testimony of decedent's employer conclusively establishes actual notice to the employer. Accordingly, the Board had the authority to excuse the lack of written notice to the employer (*see, Matter of Kempel v Nichols*, 78 AD2d 759; *Matter of Kenny v County of Nassau*, 58 AD2d 696).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.