■ In the Matter of the Claim of DENNIS CASTALDO, Respondent, v FEE OIL COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed October 10, 1986.

Claimant suffered serious injuries when he was hit by a car while repairing a truck in the course of his employment. Claimant's immediate injuries were held to be compensable in a prior Workers' Compensation Board decision not involved in this appeal. Approximately 16 months after the accident,

claimant first complained to a doctor that he had been experiencing excessive thirst and urination for about six months. Claimant was diagnosed as having diabetes mellitus.

Claimant, who has no family history of diabetes, sought additional benefits contending that the condition was precipitated by his prior compensable accident. The Board considered the testimony of three physicians who reached different conclusions as to whether the diabetes was causally related to the stress experienced by claimant following the accident. While all three doctors agreed that diabetes may be brought on by stress or trauma, only one doctor opined that in this case claimant's diabetes was caused by such stress rather than hereditary factors. The Board determined that the diabetes was causally related to the accident and an appeal by the employer and carrier ensued.

The sole issue raised on appeal is whether the Board erred as a matter of law in finding that causation had been established. The Board's decision in this case reflected its resolution of conflicting medical testimony. Indeed, all that was before the Board were questions of fact and credibility and we perceive no basis to disturb the Board's conclusion that a causal relationship existed between the accident and the subsequent manifestation of diabetes (see, e.g., Matter of Nizich v Robert F. Barreca, Inc., 86 AD2d 917). Contrary to the employer's and the carrier's contention, the Board's decision is clear and unequivocal in finding causation and its use of the word "presumed" in phrasing its finding does not vitiate the determination.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.