■ In the Matter of the Claim of JEAN STISO, Appellant, v HALLEN CONSTRUCTION COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 3, 1986.

Claimant's decedent died April 27, 1976, following a cerebral vascular accident (hereinafter CVA), at a time when he was not working. About 2½ years previously, on November 5, 1973, he suffered a prior CVA while employed as a welder for a construction company following an argument with his superior and the carrying of heavy pipe clamps weighing about 75 pounds.

Claimant, as his widow, seeks to recover benefits, contending that the incident of November 5, 1973 was causally related to his employment, as was the subsequent incident of April 26 and 27, 1976, which, in reality, was an exacerbated

reoccurrence of the prior CVA on November 5, 1973. A medical expert testifying on behalf of claimant was of the opinion that decedent's ultimate demise was causally related to the original stressful incident of November 5, 1973, which continued to prey upon his mind, and, as such, was the cause of the fatal CVA. The expert of the employer's workers' compensation carrier concluded there was no causal relationship between decedent's work activity and the November 5, 1973 incident and his ultimate death thereafter. An impartial expert arrived at the same conclusion upon an examination of the Workers' Compensation Board's file.

Essentially, the issues presented upon this appeal revolve around a conflict in expert medical opinion. As such, there was presented a question of fact for resolution by the Board and where, as here, there was substantial evidence to support the decision of the Board made after a choice of that conflicting evidence, its decision must be sustained (see, Matter of Boscaino v Montefiore Med. Center, 90 AD2d 611, 612). We find no merit in the argument that the presumption contained in Workers' Compensation Law § 21 should produce a contrary result.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.