■ In the Matter of the Claim of ELAINE BRUSH, Respondent, v NEW YORK UNIVERSITY MEDICAL CENTER, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from an amended decision of the Workers' Compensation Board, filed March 18, 1987.

In her duties as an animal research technician for New York University Medical Center, claimant was involved in experiments to determine the carcinogenic properties of various toxic chemicals. She injected or painted these substances onto mice, which she then monitored for the growth of tumors. In addition, her duties included feeding the mice and cleaning their cages. She was thus exposed to mice and their excrement on a daily basis. In May 1977, she experienced weakness, lightheadedness and headaches. She began hemorrhaging and was diagnosed as suffering from bleeding dyscrasia, thrombocytopenia, probably due to a virus. Following hospitalization and convalescence, she returned to work although still symptomatic. She was again hospitalized in November 1977 with a diagnosis of acute lymphocytosis with a history of exposure to mice. Subsequent to discharge from the hospital she exhibited slurred speech, swaying and falling to one side, chills and fever, and was again admitted on December 2, 1977 with a diagnosis of viral meningeal encephalitis and infectious lymphocytosis. She has not worked since. Following hearings at which claimant's physician testified that her condition was causally related to exposure to mice, and testimony from both the employer's doctor and the impartial specialist to the contrary, the Administrative Law Judge denied the claim. The Workers' Compensation Board reversed based upon the testimony of claimant's doctor, concluding that her disability was causally related to her exposure to mice from which the infectious virus originated. The self-insured employer has appealed, contending that the Board's finding of a work-related disease is not supported by substantial evidence.

The sole issue is the origin of the viral meningeal encephalitis. The Board credited the opinion of claimant's physician, Dr. Jack Ruthberg, who testified that the virus is carried by rats and mice and was contracted by exposure to the mice and their droppings.* In addition, Ruthberg stated there was a likelihood that claimant had been bitten by mice carrying the virus. The employer's witness, Dr. Sidney Belman, who supervised the laboratory, agreed that it was likely claimant had been bitten in the course of handling the mice, a supposition echoed by the Board's impartial specialist Dr. David Mendelson. In opposition and against causal relationship, Dr. J. D. Matis, the employer's expert, and Mendelson testified that

---

* Ruthberg also stated that some additional brain damage may have been due to exposure to toxic chemicals.

they knew of no support for associating the infectious mononucleosis or encephalitis viruses with exposure to mice.

The resolution of conflicting medical testimony lies within the sole province of the Board (*Matter of Castaldo v Fee Oil Co.*, 133 AD2d 922, 923). "[I]t is not our function to weigh the conflicting testimony of medical experts" (*Matter of Ham v Rumsey Sheet Metal*, 125 AD2d 810, 811). The Board's decision in this case is supported by substantial evidence and warrants an affirmance.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.