■ In the Matter of the Claim of RICHARD W. CURTIS, Respondent, v ADIRONDACK TRAILWAYS, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed November 5, 1987.

Claimant was employed as a bus driver by Adirondack Trailways since 1974. On November 11, 1981 claimant suffered a heart attack in the course of employment, ultimately held to be compensable. Claimant returned to work during January 1983, asymptomatic, but under a physician's care. The instant claim arose out of an incident of chest pain experienced by claimant on December 17, 1983, shortly after he and his wife brought some food and coffee to the terminal of Greyhound Bus Lines for striking Greyhound workers. In the latter part of October 1983, Greyhound, a rival bus line, had gone on strike, resulting in a substantial increase in business for Trailways and, according to claimant, a substantial increase in his work load. The incident of chest pain caused claimant to be hospitalized for five days.

Claimant's physician, an internist, testified that claimant sustained a myocardial infarction on December 17, 1983, causally related to his work activities and that he suffered permanent damage to his heart as a result. Neither of the two cardiologists who testified, one examining claimant upon refer-

ral from his treating physician, the other at the carrier's request, found a causal relationship between claimant's heart problem and the work performed for Trailways. The Workers' Compensation Board reversed the Workers' Compensation Law Judge's finding of no causally related disability. A majority of the Board panel found, *inter alia,* based upon the entire record and particularly upon the testimony of claimant and his treating physician, that claimant's myocardial infarction was causally related to his work efforts. The dissenting Board member voted to refer the matter to an impartial cardiologist in view of the conflict in medical opinion. Following mandatory review, the full Board adopted the findings of the majority and affirmed its decision. This appeal by Trailways ensued.

We affirm. It is well settled that it is for the Board, in the exercise of its exclusive fact-finding powers, to resolve conflicts in medical testimony *(see, Matter of Stiso v Hallen Constr. Co.,* 135 AD2d 974, 975; *Matter of Castaldo v Fee Oil Co.,* 133 AD2d 922, 923).* Its determination, if supported by substantial evidence in the record, may not be disturbed on appeal. "[I]t is not our function to weigh the conflicting testimony of medical experts" *(Matter of Ham v Rumsey Sheet Metal,* 125 AD2d 810, 811).* The testimony of claimant's treating physician provides ample support for the Board's determination that claimant suffered a myocardial infarction causally related to his increased efforts during the months of the strike *(see, Matter of Black v Metropolitan Tobacco,* 71 NY2d 989; *Matter of Gates v McBride Transp.,* 60 NY2d 670).* Finally, the Board did not abuse its discretion in failing to refer claimant to an impartial specialist. The record is replete with medical testimony, and it does not appear that a further examination would serve any useful purpose *(see, Matter of Burke v New York Tel. Co.,* 81 AD2d 714; *Matter of Stanich v Oscar Leventhal, Inc.,* 16 AD2d 996).*

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.