■ In the Matter of the Claim of ROBERT J. MULLER, Respondent, v FRANKENBURG-RICH CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from an amended decision of the Workers' Compensation Board, filed April 21, 1988.

On August 23, 1984, while servicing two heavy oil burners at a school in the Town of Pelham, Westchester County, claimant inhaled a large amount of heavy black smoke that backed up from the chimney and engulfed the boiler room. He alerted the school custodian. The next day claimant returned with his foreman to examine the site. Later, while working on another service call, claimant experienced dizzy spells and went to the hospital where he was hospitalized with a condition subsequently diagnosed by his attending physician as acute hypertensive crisis precipitated by cerebral anoxia and possible myocardial infarction. His physician attributed the condition to the event on August 23, 1984. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) held that accident, notice and causal relationship were estab-

lished for "right CVA and left hemiparesis and an ischemic cardiovascular episode", and awarded benefits to claimant. In so holding, the WCLJ rejected the contrary testimony of the employer's physician that claimant's condition was unrelated to the incident. In an amended decision, the Workers' Compensation Board affirmed and further found that the school custodian worked for the employer and was available to its workers' compensation insurance carrier for preparation of a defense; the Board also noted that the carrier had ample opportunity to produce the custodian and was not prejudiced by claimant's failure to do so. On this appeal, the employer contends that neither the determination of compensability nor the finding that the school custodian was an employee of the employer are supported by substantial evidence and that it had been treated unfairly by the WCLJ.

We affirm. Claimant was consistent in his description of the events in the notice given to his employer, in the history he gave to both his treating physician and the employer's consulting doctor, and in his testimony at the hearing. Moreover, the employer's report of injury corroborated claimant's factual description (see, Matter of Hawthorne v Peartrees, Inc., 56 AD2d 961, affd 43 NY2d 683). These facts provide substantial evidence to support the finding of a causally related accident (see, Matter of Yagaloff v Hall, 137 AD2d 955, 956). The testimony of claimant's doctor adds to the evidence supporting the finding that claimant sustained work-related injuries (see, Matter of Black v Metropolitan Tobacco, 71 NY2d 989). The conflict in medical opinion merely presented a question for resolution by the Board in the exercise of its exclusive fact-finding powers (see, Matter of Curtis v Adirondack Trailways, 146 AD2d 900, 901). It is not the function of this court to weigh conflicting medical testimony (Matter of Ham v Rumsey Sheet Metal, 125 AD2d 810, 811).

The employer's failure to produce claimant's superior who examined the accident scene with claimant the following day indicates that he would not have contradicted claimant's version (see, Matter of Estock v 250 W. Props., 26 AD2d 847).

Finally, we recognize that the Board mistakenly determined that the school custodian was employed by the employer and was presumably under its carrier's control. A plausible explanation for this error is that in a colloquy at the May 20, 1986 hearing, the carrier's attorney specifically confirmed that the custodian still worked for the employer. In any event, we perceive no prejudice resulting from claimant's failure to produce a witness equally available to the carrier. Moreover,

the Board could readily accredit claimant's description of the incident. We find the employer's remaining argument unpersuasive.

Amended decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.