(December 28, 1989)

In the Matter of the Claim of JON FERGUSON, Respondent, v FRUEHAUF CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeals from three decisions of the Workers' Compensation Board, filed February 2, 1987, July 31, 1987 and September 18, 1987.

Claimant injured his left knee by twisting it while climbing down a ladder at work on January 29, 1982. Claimant's condition steadily deteriorated after the accident, with initial swelling, tenderness and discoloration progressing to loss of sensation, thrombophlebitis, poor flexion, foot drop, severe muscular atrophy of the left calf and thigh, and, ultimately, complete paralysis, loss of use and deformity of the left leg and hip. Accident, notice and causal relationship were established, and C.N.A. Insurance Company, the employer's workers' compensation insurance carrier, paid benefits for the resulting total disability commencing February 1, 1982. However, in early 1984, the carrier* objected to continuation of payments on a total disability basis subsequent to December 21, 1983 and the case was restored to the Trial Calendar.

---

* Because of their identity of interest, references to the carrier shall include the employer, Fruehauf Corporation.

Up until the summer of 1985, there was essential unanimity of medical opinion that claimant's condition was causally related to his initial injury. At that time, claimant began to experience similar but less severe difficulties with his right leg, and the medical opinion emerged that the neurological problem which caused severe paralysis of claimant's left leg was beginning to affect the right leg as well. In late 1985 and early 1986, Dr. Kim Marsh, claimant's neurological consultant, and Dr. Edward Pasquarella, the carrier's examining orthopedist, were examined on the issue of causal relationship and neither could at that time attribute claimant's condition to the initial injury.

Ultimately, a Workers' Compensation Law Judge ordered the carrier to continue payments at the temporary total disability rate. The carrier appealed this award to the Workers' Compensation Board and, during oral argument, complained that claimant had missed two scheduled appointments with its neurological consultant, Dr. Joel Woodruff. It was explained that one of claimant's relatives had a malpractice claim against that physician, that the carrier had been advised of that fact and that the carrier had, nevertheless, made another appointment with the same physician. The carrier did not assert its inability to schedule an appointment with another neurologist. The Board rendered a decision filed February 2, 1987 affirming the direction to pay benefits at the total disability rate. The carrier appealed that decision to this court and, simultaneously, sought full Board review, requesting, *inter alia,* that payments be suspended because of claimant's refusal to attend the scheduled appointments with Woodruff. On May 12, 1987, the carrier filed its notice of intent to suspend payments, apparently upon the same ground. Full Board review was denied by decision filed July 31, 1987 and, thereafter, by decision filed September 18, 1987, the Board affirmed a further award of benefits for total disability and found no basis for suspension of payments. The carrier appeals these decisions as well.

We affirm. Initially, we reject the contention that there was not substantial evidence in the record to support the Board's factual determinations of causal relationship and total disability. It has been the consistent opinion of Dr. Anthony Guidarelli, claimant's treating orthopedist, stated in numerous medical reports, that claimant's injury and disability were causally related to the January 1982 accident. The fact that Marsh and Pasquarella offered contrary opinions is not determinative. It is well settled that it is for the Board, in the exercise of its

exclusive fact-finding powers, to resolve conflicts in medical testimony *(see, Matter of Curtis v Adirondack Trailways,* 146 AD2d 900, 901; *Matter of Stiso v Hallen Constr. Co.,* 135 AD2d 974, 975; *Matter of Castaldo v Fee Oil Co.,* 133 AD2d 922, 923). "[I]t is not our function to weigh the conflicting testimony of medical experts" *(Matter of Ham v Rumsey Sheet Metal,* 125 AD2d 810, 811; *see, Matter of Curtis v Adirondack Trailways, supra).* Nor are we persuaded that Guidarelli somehow forfeited his right to render an opinion on causation by deferring to the neurological specialist. A fair reading of the testimony relied upon by the carrier, taken in context, does not support this position.

The carrier's remaining contentions do not require extended discussion. We agree with the Board's conclusion that claimant's refusal to submit to examination by Woodruff was reasonable *(see, Matter of Jasmine v Rainbow Grill,* 115 AD2d 862, 864). There is nothing in the record to indicate that the carrier controverted claimant's assertion that a family member was bringing a malpractice action against Woodruff or that the carrier could not have had claimant examined elsewhere. In fact, during 1986 and 1987, claimant willingly attended examinations by two other neurological consultants, Dr. Neil Lava and Dr. Kevin Barron. Neither did the Board abuse its discretion in refusing to restore the case for further development of the record. Barron's testimony would have been cumulative of that already presented by Marsh and Pasquarella. Finally, since it was the carrier who submitted Barron's written report, it can hardly contend that it had a due process right to cross-examination of its own witness *(cf., Matter of Cook v Mohawk Airlines,* 37 AD2d 882).

Decisions affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.