■ In the Matter of the Claim of VINCENT RIGANTI, Respondent, v SOUTH MALL CONSTRUCTION, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [620 NYS2d 581] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 28, 1993, which ruled that claimant's death was causally related to his established occupational disease of asbestosis.

In our view, the November 9, 1990 report and May 5, 1992 hearing testimony of Frank Maxon, a physician specializing in the field of pulmonary diseases, provided substantial evidence to support the finding of the Workers' Compensation Board that claimant's death was causally related to his established occupational disease of asbestosis. As indicated in the Board's decision, Maxon expressed the opinion that decedent's death was causally related to his asbestos exposure and that "if [claimant] never had asbestosis inhalation, and extensive pulmonary asbestosis, he would still be alive, breathing and active". This opinion was based upon Maxon's review of claimant's medical records and the documented findings of pleural thickening and pulmonary fibrosis, which Maxon testified was "characteristic [of a] diagnosis of asbestosis". As such, Maxon's opinion was not devoid of a rational basis, despite the existence of compelling evidence to the contrary *(see, Matter of Van Patten v Quandt's Wholesale Distribs.,* 198 AD2d 539; *Matter of Curtis v Adirondack Trailways,* 146 AD2d 900, 901; *cf., Matter of Jennette v Dock & Coal Co.,* 22 AD2d 732).

As a final matter, the employer's contention concerning the alleged failure to comply with the instructions on form C-64 has not been preserved for our review and is found to lack merit in any event.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.