Matter of Mina v New York City Tr. Auth. (2024 NY Slip Op 01360)

Matter of Mina v New York City Tr. Auth.

2024 NY Slip Op 01360

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

CV-22-2040
[*1]In the Matter of the Claim of George Mina, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 22, 2024

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed October 5, 2022, which ruled, among other things, that claimant's failure to attend independent medical examinations was unreasonable.
In December 2020, claimant injured his back while moving gallons of water, and his workers' compensation claim that followed was established for an injury to his back. Various awards were made to claimant at various rates, and the employer was directed to continue payments at a tentative rate. Thereafter, per a November 2021 Claimant's Notice of Independent Medical Examination (form IME-5), the employer scheduled an independent medical examination (hereinafter IME) to be performed on December 20, 2021 in Manhattan. Claimant did not appear for the December 2021 IME. The employer then scheduled a second IME for February 3, 2022 at the same location in Manhattan, but claimant did not attend that IME and informed the employer that it was unreasonable for him to have to travel from his residence in Livingston, New Jersey, to Manhattan for the IME. By Request for Further Action by Legal Counsel (form RFA-1LC), dated February 2, 2022, claimant's counsel requested a hearing to address a resumption of awards and also indicated that the self-insured employer "refuses to schedule an IME within a reasonable distance from claimant's home." Following a hearing, a Workers' Compensation Law Judge found that claimant had not established good cause for missing the previously scheduled IMEs but directed the employer to schedule an IME within 30 miles of claimant's home in New Jersey and claimant to attend that IME. Upon administrative appeal, the Workers' Compensation Board affirmed the decision of the Workers' Compensation Law Judge. Claimant appeals.
We affirm. The employer and/or its workers' compensation carrier is "entitled to have the claimant examined by a physician authorized by the chair . . . at a medical facility convenient to the claimant and in the presence of the claimant's physician, and refusal by the claimant to submit to such independent medical examination at such time or times as may reasonably be necessary in the opinion of the [B]oard . . . bar[s] the claimant from recovering compensation for any period during which he or she has refused to submit to such examination" (Workers' Compensation Law § 13-a [4] [b]; see 12 NYCRR 300.2 [d] [11]). Accordingly, when a claimant frustrates the employer's right to engage an independent medical consultant, a suspension of payments for the challenged injuries is warranted (see Matter of Jasmine v Rainbow Grill , 115 AD2d 862, 863 [3d Dept 1985]). However, there is no basis to bar payments where the claimant's failure to attend an IME is not due to a refusal to submit to such examination, or where the claimant's refusal is reasonable (see Matter of Ferguson v Fruehauf Corp. , 156 AD2d 880 [3d Dept 1989]). As relevant here, "[a]ll independent medical examinations shall be performed in medical facilities suitable [*2]for such exam, with due regard and respect for the privacy and dignity of the injured worker as well as the access and safety of the claimant. Such facilities must be provided in a convenient and accessible location within a reasonable distance from the claimant's residence " (Workers' Compensation Law § 137 [4] [emphasis added]).
The record reflects that the location of the IME in Manhattan was approximately 22.3 miles from claimant's residence in New Jersey and involved one hour of travel time by vehicle. Further, although claimant testified that he is unable to drive, he explained that his daughter drives him from his residence in New Jersey to the offices of his treating physician, which is located 39 miles away in Brooklyn. Under these circumstances, we find that substantial evidence supports the Board's determination that claimant's failure to attend the scheduled IMEs in Manhattan was unreasonable given the "reasonable distance from . . . claimant's residence" (Workers' Compensation Law § 137 [4]; compare Employer: Ray Catena Corp T/A , 2015 WL 4549341, *3, 2015 NY Wrk Comp LEXIS 13660, *5-6 [WCB No. G080 2705, July 24, 2015], with Employer: Adults & Children with Learnin , 2020 WL 7862470, *3, 2020 NY Wrk Comp LEXIS 16172, *6-7 [WCB No. G204 9032, Dec. 23, 2020]). Claimant's remaining contentions have been considered and found without merit.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.